# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NERIO ANTONIO PIRELA FONSECA,<br><br>Petitioner,<br><br>v.<br><br>DAVID MARIN, et al.,<br><br>Respondents. | Case No. 1:26-cv-00374-KES-EPG-HC<br><br>ORDER FOR SUPPLEMENTAL BRIEFING |

Petitioner, represented by counsel, is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The petition asserts that by "denying Petitioner a bond hearing under § 1226(a) and asserting that he is subject to mandatory detention under § 1225(b)(2), Respondents violate Petitioner's statutory rights under the INA [Immigration and Nationality Act] and the Court's judgment in *Maldonado Bautista*." (ECF No. 1 at 7.) Petitioner contends that he "is a member of the Bond Eligible Class" in Maldonado Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM (C.D. Cal.), "as he: (a) does not have lawful status in the United States and is currently detained at the California City Corrections Center; (b) entered the United States without inspection over four years ago *and was not apprehended upon arrival*, *cf. id.*; and (c) is not detained under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231." (ECF No. 1 at 3[1] (emphasis added).) However, the

---

[1] Page numbers refer to the ECF pagination stamped at the top of the page.

petition also alleges that Petitioner was arrested "during his scheduled check-in at the ICE field office in Dallas," (ECF No. 1 at 5), which suggests that Petitioner was previously apprehended and subsequently released on conditions. Further, attached to the petition is a copy of Petitioner's bond redetermination request filed in the immigration court. Therein, Petitioner asserts that "he entered the United States at an unknown location on or about July 12, 2021," "the Department released [Petitioner] pursuant to Section 236 of the Act," and "[a]t that time of entry, the Department screened and released Mr. Pirela pursuant to the *Alternative to Detention* ('ATD') program." (ECF No. 1-2 at 4, 5.)

Given the contrary allegations in the petition, the Court finds that supplemental briefing clarifying whether Petitioner previously was released on recognizance or paroled into the United States and how that impacts the analysis of Petitioner's statutory claim[2] in addition to documents regarding Petitioner's release (*e.g.*, Form I-220A or I-94) would assist the Court in this matter.

Accordingly, the Court HEREBY ORDERS that:

1. Within seven (7) days of the date of service of this order, Petitioner SHALL FILE a supplemental brief addressing the issues outlined above and any relevant documents; and

2. Within seven (7) days of the date of service of Petitioner's supplemental brief, Respondents SHALL FILE a response and any and all documents necessary for the resolution of the issues outlined above.

IT IS SO ORDERED.

Dated:    **March 19, 2026**                     /s/ *Erica P. Grosjean*
                                                    UNITED STATES MAGISTRATE JUDGE

---

[2] The Court notes that the petition only raises a statutory claim and does not challenge Petitioner's detention and/or re-detention on due process grounds.