# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NERIO ANTONIO PIRELA FONSECA, | Case No. 1:26-cv-00374-KES-EPG-HC |
| Petitioner, | ORDER GRANTING PETITIONER LEAVE TO FILE FIRST AMENDED PETITION |
| v. | ORDER SETTING BRIEFING SCHEDULE |
| DAVID MARIN, et al., | |
| Respondents. | |

Petitioner, represented by counsel, is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On March 19, 2026, the Court ordered the parties to file "supplemental briefing clarifying whether Petitioner previously was released on recognizance or paroled into the United States and how that impacts the analysis of Petitioner's statutory claim[1] in addition to documents regarding Petitioner's release (*e.g.*, Form I-220A or I-94)[.]" (ECF No. 13 at 2[2] (footnote in original).) On March 24, 2026, Petitioner filed a supplemental brief and noted that "[t]o the extent that this Court requires it, Petitioner requests leave to amend his complaint to specify his due process right to a bond hearing so justice may be done." (ECF No. 14 at 2 n.1.) To date, Respondents have failed to file a supplemental brief, and the time for doing so has passed.

---

[1] The Court notes that the petition only raises a statutory claim and does not challenge Petitioner's detention and/or re-detention on due process grounds.

[2] Page numbers refer to the ECF pagination stamped at the top of the page.

A party may amend its pleading once as a matter of course within 21 days after serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). See Mayle v. Felix, 545 U.S. 644, 655 (2005) (noting Federal Rule of Civil Procedure 15 is applicable to habeas proceedings). Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the Court may decline to grant leave to amend "if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty., 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). As there is no evidence of undue delay, bad faith or dilatory motive on the part of Petitioner, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to Respondents by virtue of allowance of the amendment, or futility of amendment, the Court grants Petitioner leave to file a first amended petition.

Accordingly, the Court HEREBY ORDERS that:

1. Petitioner is GRANTED leave to file a first amended petition within **FOURTEEN (14) days** of the date of service of this order.

2. Within **FOURTEEN (14) days** of the date of service of the first amended petition, Respondents SHALL FILE a response to the first amended petition.

3. Within **FOURTEEN (14) days** of the date of service of Respondents' response, Petitioner MAY FILE a reply.

IT IS SO ORDERED.

Dated:   **April 2, 2026**          /s/ _Erica P. Grosjean_
                                    UNITED STATES MAGISTRATE JUDGE

2